case number 24-3011. United States of America v. James Little, a balance. Mr. Carpenter for the balance, Brzezewski for the affiliate. Mr. Carpenter. May it please the court. We are asking this court to find that the district court violated double jeopardy by increasing Mr. Little's prison sentence for a petty offense from two months to five months after his successful appeal in this court. We believe that action violated double jeopardy for two independent reasons. First is that the Bradley rule has direct application in this case because probation and imprisonment are sentences of a different type. Second is that even if the Bradley rule did not apply, Mr. Little had a legitimate expectation of finality under this court's decision in Why would we say that probation and prison are a different type but not say that probation and a fine are a different type? So I think Bradley was a fine. Correct. I think all three of those are different types of imprisonment. I think the easiest, aside from Supreme Court precedent, the easiest way to see that probation and imprisonment are different types of punishment is to look at what the district court did in this case because rather than provide credit for the entire time spent on probation, the court used a formula of 18 to 1. Our fundamental point is this. If you need a mathematical formula to convert one thing into another thing, then those two things are by definition not the same. According to you, no formula would have been good enough. It couldn't be 2 to 1 or 3 to 1. No formula was good enough. Correct, Your Honor. Our view is that under double jeopardy principles, under the reading of Bradley that the Supreme Court adopted in Jones, if the sentences of a different type than the Bradley rule controls, that means that the completion of one of the two alternative sentences originally imposed forecloses the enforcement. You feel like you preserved an argument in the alternative. Let's say we do think that some formula was appropriate. But let's say we think 18 to 1 was too high. You you haven't put all your eggs in that other basket. That's correct. We do have the backup argument that we feel like we preserved both by making the overarching argument and by specifically objecting to the formula at the sentencing hearing itself. What formula? What formula did you did you propose a formula at the district court? We did not. No, we did not propose our own formula because again, our view was no formula. Our backup. We think that there should have been a formula and that 18 to 1 was too high. What? How would we go about figuring out what the formula should be? So I think the fact that it's so hard to go about that would indicate our first argument. But walking into the second argument, I think you would have. This is where it gets arbitrary. And this is why I think this Iowa Supreme Court in Jepson had the best of the analysis saying that it's arbitrary, right? So how was his liberty restrained when he was on probation? I understand how it was supposed to be restrained. But what did he actually not do that he would have done absent probation? Certainly. So I think there are lots of restraints on probationary period that people don't necessarily think about. So, for example, it is, I think, quite a large infringement on anyone's liberty and dignity to be obliged to pee in a cup upon the request of the probation officer. He was subject to drug testing. Eso. That's one. You're not saying he would have used drugs absent probation. No, but I'm saying is someone's delivery from the monitoring. But what? What did he want to do on probation that he didn't get to do? So I think that what he had to do was to report to his probation officer any time he wanted to go out of the district. He is not very great restriction. Maybe it is a restriction on liberty. Maybe an 18 to 1 equivalent restriction on liberty. But to say he could basically do everything he wanted as if he was not on probation. He just had to be monitored. So I think he also could not exercise his Second Amendment rights, which is a substantial one. He had a gun restriction that will not apply to him going forward because he is not a gun before. What's that? He owned a gun before. Yes. I mean, North Carolina, everybody, virtually everybody owns guns. Yes. On probation, he had to give up the gun. He would give it away or what? Yes. I don't remember the details. I remember there was an objection in the district court to the firearm restriction that was overruled at the initial sentencing by Judge Lambert. I don't remember the exact details of whether it was transferred custody or what exactly. Um, I do know that he was not allowed to exercise the Second Amendment rights. He was his first amendment rights were also restricted, which was, you know, let me ask a more legal question as opposed to the fact specific to this case. Can you think of a precedent where the court found a double jeopardy violation? The new sentence did not exceed the statutory max when combined with the old sentence. And the original sentence did not come with an expectation of finale. There's three boxes to check here. Double jeopardy violation. The two sentences combined do not take the defendant beyond the statutory max. And the original sentence did not have an expectation of now. Can you think of any case that checks those three boxes? I don't think I can. I think the thing I would say about the reason this case does not, at least in our view, fit in the second box is it's premised on the assumption that he does not get full credit for the probationary time because the 18 months that he spent on probation, of course, if it's credited, then it's well beyond the statutory maximum for imprisonment. I think the other reason that second box isn't checked in this particular case is the dual sentence that he served, the two months plus 18 months on probation, is a sentence that is not authorized by the legislature. There's no doubt he could not have been required to serve that. So it's something that is unauthorized by the legislature. And we think for that reason it is different as well. I would also contend that on the third point there is an expectation of finality in the prison sentence here under Fogel because the defect that he challenged on appeal was unrelated to the length of imprisonment just as the defect in Fogel was unrelated to the length. I get that, but it does seem awfully strange to say that he had an expectation of finality in a sentence that he had challenged as illegal. Well, again, and I think the, I acknowledge intuitively that does seem a little strange, but I think it is consistent with this court's decision in Fogel because the challenge was unrelated to the length. I think, isn't Fogel different because in Fogel the court changed the sentence sua sponte here. Your client appealed the sentence. How can you have an expectation of finality in something he appealed? He wanted it changed. So I acknowledge the factual difference there, but I think it's a bit perverse, as we said in the reply brief, that we would punish someone for raising the illegality as opposed to in Fogel where the district court happened to realize. It's about his expectation, so that's why Fogel is really not on point. It is, but that's true. I think Fogel is on point, though, because the question under Fogel is could the defect have been cured without in the sentence brought into compliance with the statute without raising the prison sentence? And that is was just as possible here as it was in Fogel. So I think his expectation is that if he was correct on the appeal, I just think when you're focusing on the defendant's expectation and the defendant has put the sentence into question, it's difficult to say that he had an expectation of finality. But in terms of your argument, you're relying on Bradley. Yes. But the Supreme Court said in Jones that we should we do not think the law compels application of Bradley beyond its facts. It basically cabins Bradley to its facts, and the facts here are very different because in Bradley you could not credit a fine against the term of imprisonment, but here we're talking about probation and there are other courts that have credited probation and supervised release, things of that nature, against imprisonment. And if you can credit the alternative sentence, then ultimately the final sentence if it credits, you know, what had gone on before, there's no violation of double jeopardy. That seems to be what Jones says. Yeah, so I think there are two points where I would dispute there. The first is that in Jones, I think what it says is that the line of reasoning in Jones is that Bradley continues to apply where the sentences are of a different type. That means we're back to the question of our probation and imprisonment sentences of a different type. But it's confined to its facts and that was a fine, and this is probation. Well, again, I think that the reasoning line, though, was the reason that Bradley does not apply here is because the sentences there were of a different type. I think the second reason that I would push back on the way you articulated it is that it is absolutely possible to use a mathematical formula to convert a fine into imprisonment. You could say one day in prison equals a hundred or five hundred or a thousand or whatever. But the Supreme Court has said you can't. The Supreme Court has not said that you can't credit probation. But I think the logic is what follows through, which is that if you need a formula. Supreme Court has held that already. Supreme Court says you can't credit fines against imprisonment. Supreme Court has not held that you can't credit probation against imprisonment. And we've got courts in different jurisdictions that have credited probation against imprisonment. Well, they have, but I would highlight that it's in a very different context. This is, I acknowledge, a question of first impression in terms of whether you can evade the double jeopardy rule in Bradley by crediting under a ratio like this. The decisions that the government relies on are almost entirely under the mandatory guidelines where there's a government appeal. If you look, Miller, Carpenter, Martin, those are cases that are all specific to that context. And in that context, the double jeopardy question is fully asked and answered by the Supreme Court's decision in DeFrancesco. I understand those are not double jeopardy cases, but they address crediting probation against imprisonment. And that's that they've done that. And I think you need to meet a plain error standard of review because you never objected to crediting probation against imprisonment in the court below. And given that other courts have done this, you can't meet a plain error standard of review. So I think there's two points there. The first is that the question those courts were asking and answering about crediting was not a double jeopardy question, as you acknowledge. It was solely, may a court depart? Does it have permission to depart under the mandatory guidelines to account for this? Right, and we're not, nobody's citing those cases for anything having to do with the guidelines or double jeopardy. Those cases are cited for the proposition that you can credit probation against imprisonment. And that's what the court did in this case. And you did not object that that is not something that can be done. Well, so again, I disagree with that. For the reasons we set out in the reply brief, we think we've absolutely preserved the objection that crediting was impermissible because our... What's your best argument that you preserved that? Because I saw that you did a block quote that mentions crediting, but you never put before the district court the argument that you cannot do this. So our two arguments, I guess. The first is that our primary argument below is that these are sentences of a different type that cannot be credited against each other. That was the entire through line. You didn't say that cannot be credited. Well, so I believe we quoted that exact line in Bradley. Right, you did a block quote from the Bradley, but you never argued to the district court that your position before it was that it is impermissible to credit probation against imprisonment. So the district court couldn't rule on that. You didn't put it before the court. So again, I think I just disagree with that reading of the record. But the second argument would be, even if we should have been more specific there, this is a double jeopardy claim that under Yee versus City of Escondido is preserved. The argument about crediting is simply a different theory in support of that same double jeopardy claim. There's, I think, no dispute that we preserved a double jeopardy claim below. All we're talking about is the arguments in support of it. And so I think under Is that how issue preservation works? Do you have any authority for that? Just because you made a double jeopardy claim writ large, every argument is preserved? Yes, Your Honor. The primary authority for that is Yee versus City of Escondido for the Supreme Court, which this court has cited in Woodruff and other cases for that exact principle. And so if you look at Yee itself, that was a case where a takings claim was preserved. It was argued below solely on a theory of physical occupation. By the time it was appealed up to the circuit court and then to the Supreme Court, the theory that was addressed by the Supreme Court was entirely different from physical occupation. It was a regulatory takings theory. So we believe under Yee, the claim is fully preserved. You talked about how he had to report if you wanted to travel. I think you mentioned that. Do you know if he would have traveled? I know that his previous job had been required him to travel out of state, and at least for a time period, he didn't undertake that job. And he eventually did, but then had to get permission with each work trip. So he did travel across state lines and while he was on probation, and he got permission when he did it. My understanding is that yes, he did travel sometimes. I can't say that I believe so for work. I will say that the facts of that, whether he was denied at any point or not in the record, and I don't represent that. I know this question, and then I'll see if either my colleagues have either more either questions. I think you wrote a very good brief. I think the government wrote a very good brief. I have a quibble with both of them, and I'll ask the government as well. It's probably more quibble with the government than with yours, because you do say you think Bradley is just completely controlling. And if you're right on that, then we're bound by Brad. But if there's not a directly on point precedent, I would want to know what the original meaning of the Double Jeopardy Clause is, and I'd want that original meaning applied to the facts of this case. I try to figure out what the original meaning is and apply it to the facts of this case. There's not very much argument about original meaning in your brief. I understand not all judges think original meaning is as important as some other judges do, but if I feel like I need that and it's not there, what do you propose I do? Sure. I think original meaning... Actually, maybe this is a cop out, but I do think original meaning accords with the Bradley Rule, because I think original meaning of the Double Jeopardy Clause in the multiple punishment context is just that you cannot suffer multiple punishments. Bradley is about five minutes long, and you even mentioned the Double Jeopardy Clause, never mind analyze what Double Jeopardy meant at the time of the founding. Fair enough, and I guess we would go to Lange before that. But if you look at the rest of the cases that have gone into more detail over time about the various applications of the Double Jeopardy Clause, I think the piece of it that is helpful to us is that what the Double Jeopardy Clause prohibits is being punished twice for the same offense. As applied to this case, the legislature said you can be punished once, either A or B. He undoubtedly was punished with both A and B. Doesn't original meaning contemplate the possibility that if there was a mistake and there's an objection, the case can be sent back for resentencing, and the resentencing can look different than it originally did? That's not inconsistent with original meaning, as I understand it. That's always been a possibility. I think that is true, but I think this case would fit within that frame. I think the reason that it doesn't, Your Honor, is that what you cannot undo is the 18 months that he served on probation. That time, it's different than a fine, which can be refunded, but even the Supreme Court in Bradley said we can't do that. The 18 months that he served can't be magically given back to him. He can't go relive those 18 months. You're just fighting the crediting. That's your crediting argument. I agree with you. You certainly can have resentencing, and it can end up looking different. Oh, absolutely. And that's not a double jeopardy issue. No, and that's clear under the sentencing package cases. And the reason they're different in this case is, I think, twofold. First is that those cases, by definition, involve multiple counts of conviction, which put them with multiple sentences of imprisonment, which put them within the Jones rule directly. So that's one difference. And the second difference has eluded me, so that is the key difference that I will stick with. Okay, I'm done. Thank you. Thank you very much. We'll give you two minutes on the button. Good morning, and may it please the court. Ruvane Deshevsky for the United States. Sentence imposed by the district court on remand does not violate jeopardy. It credits all time previously served by Little in prison and on probation. It imposes a sentence, a total aggregate punishment within the maximum authorized by statute, and Little could have no legitimate expectation in the finality of the original unlawful split sentence that he successfully challenged in his first appeal. In the second appeal, his claim relies entirely on laying and Bradley does pointed out by the court. Uh, the Supreme Court's more recent double jeopardy decisions limit the precedential value of laying and Bradley to their specific factual context. And what we have here is different. Most importantly, is this crediting issue? Uh, as opposed to the fine and prison and laying in Bradley, what we're dealing with here is probation and prison. Uh, and, um, those it should be uncontroversial that probation time served on probation can be credited against a future term of imprisonment. Uh, little has not identified a single case that holds otherwise. And in fact, the cases cited by the parties and both briefs overwhelmingly approve of crediting of probation against prison. Let me ask you a follow up to my last question to Mr Little's attorney. Um, imagine that there were no precedents related in any way to this case for the past 200 years. And I think you would still have the argument that Judge Edwards mentioned that as an original matter, it was it was fine to re sentence after an appeal after an appeal vacates the original sentence. But, of course, you know, this case has some complications that a typical recent isn't doesn't, including the crediting factor. Well, you have no precedent. Imagine there's no precedents from past 200 years. What would your argument today be? I think that the crediting solves that, but also and not to fight back against the hypothetical. They're crediting, but I'm sorry. I mean, there were so many kinds of different ways of punishing of the founding that are different than now. So I'm not correcting you if there's not. If you have, if you haven't found an instance of this kind of crediting at the founding, but my my impression is that you have not. I would say two things. First of all, probation wasn't a sentence at the founding. Probation only became a sentence after the 1984 sentencing Reform Act. The second thing I would say, and I realize this is pushing back against hypothetical is that the Supreme Court has has told us what the double jeopardy clause means. And so I don't know that it's necessary to engage in any sort of exercise to try to determine what it meant at the founding is the Supreme Court has told us in DeFrancesco and in Jones that in the multiple punishment context, the interest that the double jeopardy protects is that a defendant not suffer greater punishment than that authorized by statute. And what we know from North Carolina v Pierce is that crediting protects that interest. Even I think even you don't think that's the only obstacle to the government winning here. I take your brief to say it has to not exceed the statutory maximum of punishment. And, uh, there has to have not been an expectation of finality at the sentence. Absolutely. Yes. Both both of those interests exist. Um, that might be a great test, and it may be the test we applied. It may be the test that is compelled or or at least suggested by the best reading of the precedence. But this just strikes me as a case where, if I agree with you and Bradley is not directly on point and controlling, then there's not a case that's directly on point and controlling, in which case I wish there were more argument about the I wish there were more briefing about the original meaning of the Constitution. I I understand that at the same time again, the Supreme Court has told us that these two interests are what are are the interests at play in the multiple punishment context. And while this court is writing on a blank slate with regard to crediting probation against prison, as Judge Pan pointed out before, there are many other many other courts that have addressed this issue, and I would disagree with with my opponent that a number of them do address it in the double jeopardy context. Not that that matters, because the point in the end of the day is that if probation can be credited against a future term of imprisonment, that is more than enough to distinguish it from Bradley and put us in a place where Mr Little's double jeopardy rights have been protected. So to follow along with this idea that we should look to first principles of double jeopardy, double jeopardy clause, you can't be put in jeopardy for life or limb, I guess, for the same offense. And it seems to me that when there's a an appeal on a remand for resentencing, it is one punishment for one offense, and it's just being corrected. And as long as you're not going above the statutory maximum, you're not violating double jeopardy. And in this case, the argument is that these are two punishments because you've already served one part of the original sentence that was imposed. But the response to that is it's not two sentences. It's one sentence because you can credit what you serve before to what we're doing now. So it's all one sentence. And so that is consistent with the original meaning of double jeopardy. It is one sentence from one offense. I think that's right. And I also think that goes to another point, which is that Judge Lambert crafted in a single sentence in the split sentence the first time around, and he provided his reasoning in his written opinion for that. And it was intended to exact a cumulative punitive effect. And when this court's decision in the first little appeal unraveled that sentence, what Judge Lambert did on remand was engaged with that cumulative punitive effect and try to craft a sentence that both protected little's double jeopardy rights, but also achieved what his responsibility was under the 35 53 a factors. And so crediting crediting, uh, protects the double jeopardy rights. Um, and, uh, and I just like to turn quickly to the expectation of finding respond to your friend in the other side's question, um, argument that his crediting argument is preserved because anything that supports the double jeopardy claim is preserved. Yeah, I so I agree with the thrust of the question that you asked him, and I would distinguish. I don't think that raising a double jeopardy claim writ large preserves every possible claim that falls within double jeopardy. And one example where the court has dealt with this issue recently in a different context is United States v. Stevens, which dealt with aggravated assault guideline where the defendant below challenged one element of the guidelines definition and then on appeal added in a second challenge to another element of the of the guideline. And what this court found in Stevens, which was an opinion issued earlier this year, is that making one of those claims does not preserve the other, even though arguably because he made the overarching claim attacking the application of that guideline, that everything else would fall within. And I think that's the same argument that little is making here with regard to plain error. Are you aware of you being applied in any criminal case in this in the circuit to preserve claims like this? I'm not aware. I don't know. Thank  With regard to the legitimate expectation of finality, I think this court's case law is clear, including in Fogle, that a defendant that challenges successfully challenges an unlawful sentence does not have a legitimate expectation of finality. And, you know, the the the unlawfulness of the split sentence is not similar to the quote unquote technical defect involved in the case. As the court pointed out in Fogle, the court acted sua sponte, which which casts it in a different situation than here. Tell me, play it out a little bit for me. I'm not sure I understand how you're addressing ye. What says once a federal claim is properly presented, a party can make any argument in support of that claim. Parties are not limited to the precise arguments they made below. How does that work? How does that work for you? So what I would say is making a claim of double jeopardy does not open up the whole universe of any sub claim within within double jeopardy. And so what little did not do below is he did not challenge the imposition of a new sentence because probation cannot be credited against prison. He did not challenge the imposition of a new sentence because a one to one crediting ratio if probation and prison can be credited against each other. If that a one to one ratio was required, he didn't make those claims. And so what I'm saying and one example again is, um, U. S. V. You know, making a general attack of one sort doesn't necessarily mean that all subsidiary claims or possible subsidiary claims should be included in that. You're saying the claim can't be double jeopardy. It has to be the crediting and any argument in support of that to preserve it. And I think that I'm just trying to see how you're breaking it down in your head. You can't just say, well, those double jeopardy violation or to be silly. I was treated badly. And now when I get on appeal, I can say anything I can think of supported that I was treated badly. I'm saying the claim has to be the credit. I think that's right. I think that's right. And regardless of whether the court agrees or not, um, you know, the government is comfortable with its crediting position on the merit. So I don't think that whether or not this is plain error should affect the outcome of the case here. So in Stevens, Stevens actually did rely on you to make new arguments in support of a preserved claim. And I guess we this court rejected that, saying that these are not that you didn't apply because, um, they're not two separate arguments of a single claim. These were separate claims. That's correct. And I guess in this case, the analysis would be saying that the alternative sentencing cases applies to preclude. This is different from saying it's a different claim from saying it is not possible to credit probation against imprisonment. That's a different claim. That's right. It's a different type of double jeopardy claim, right? And when given the opportunity to object at the end after sentencing, little said, You know, I don't I don't really like this ratio. I think a 1 to 5 ratio would be better. But nowhere in the briefing before or afterwards did he make a claim that double jeopardy prohibits prohibits that sort of crediting or that double jeopardy requires a 1 to 1 offset. The court has no further questions. We'd ask that the judgment below be affirmed. Thank you. Um, girl came with the second reason that I that alluded me before. That's okay. The second difference in the sentencing package cases is the expectation of finality. And that's where we think again. It's critical that the defect here was unrelated to the length of imprisonment, which I think the other key component of the expectation of finality here is the lack of a cross appeal. If you look at what the Supreme Court has said in green law, it says that when the government is seeking to increase the length of a sentence, it needs to file the cross appeal because that gives a defendant fair warning that pursuing the appeal could subject him to additional. What would the cross appeal be in a criminal case? So the cross appeal would be that if the government could have cross appealed and said two months is not a sufficient sentence under the 35 53 a factors, which is apparently what, you know, just Lambert concluded on remand by increasing it from two months to five months. So the government could have filed across appeal, arguing that Judge Lambert had made a mistake under the 35 53 a factors and imposing a sentence that lenient doing that would have given. So are you suggesting that for us to remand a case for resentencing, we can only do that if the government cross appeals. If the challenge is unrelated to the length of imprisonment, certainly if there is a in the normal case that you deal with the challenges to the calculation of the guidelines or the procedural reason, what's in the sentence? All of those we acknowledge clearly covered by the expectation of finality precedent that by putting the sentence the length of the sentence in question, there is no expectation of there are plenty of cases that don't go to the length of the sentence. Like maybe you didn't um, cover the immigration, um, implications of a plea, something of that nature, whatever. But anytime we remain for resentencing, we can only do so if there's been a cross approved by the government. It's not that broad. It's when the appeal is unrelated to the length of the sense. So, for example, if a defendant appealed in a criminal case solely based on a restitution order or a forfeiture order and prevailed on that, and the court remained to deal with those issues that would not authorize any authority for this theory that the only time we can remain for resentencing, if it's not related to the length of the sentence, there has to be a cross appeal by the government. Your Honor, the case we rely on that is Fogle, which says that there is an expectation of finality where the defect in the procedure, like Fogle does is procedurally. Oh, absolutely. It is. We think the principle applied in Fogle would extend here, and especially when red and doesn't that incentive for the government to cross appeal things that they don't even think might be meritorious because they want to be able to get a resentencing. I mean, it does. I think that is a natural consequence of Greenwell. But I think it's critical and understanding expectation of finality because the key point I would make is there's no doubt in terms of expectation of finality that Mr Little would not have appealed this sentence had he believed that there was the possibility of an increased prison sentence or remain. So subjectively, there's no doubt there was an expectation of finality here. It's just a question of whether it's one that the court will is willing to recognize under its precedent. And again, he wouldn't have appealed. What? Your Honor, I think Mr Little is very clear that had he known that the consequence of succeeding on appeal was that he would have to go back to prison. He would have just said, I'll let the error stand. What if he what if he knew and what if he knew that if he succeeded on his appeal, he might end up worse? He might end up better. He in that case, he might have rolled the dice. He might have. And again, that's what the cross appeal would have done would have given him fair warning that there was a chance this could get worse as it was his expectation. Shouldn't have his attorneys have informed him of the sentencing packaging cases that say that if you succeed on your criminal appeal, you could. That is certainly a claim he will make in a 22 55. I expect um if there are no further questions, Rana, thank you. Thank you.
judges: Walker; Pan; Edwards